**UNITED STATES DISTRICT COURT**
**DISTRICT OF DISTRICT OF COLUMBIA**

RDK NY INC
1180 Ocean Parkway, Apt. 5E
Brooklyn, New York 11230,

Plaintiff,

v.

THE DAILY CALLER, INC.
1775 Eye Street NW, Suite 1150-290
Washington, D.C. 20006,

Defendant.

Case No:

SLG SANDERS · LAW GROUP ·

**COMPLAINT**

Plaintiff RDK NY INC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant The Daily Caller, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Oren Levy ("*Levy*") created various videos in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a news and media company which owns and operates a website at domain www.dailycaller.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Videos as well as the Video Image on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. RDK NY INC is a New York corporation and maintains its principal place of business in Kings County, New York.

6. Upon information and belief, defendant The Daily Caller, Inc., is a Delaware corporation with a principal place of business at 1775 Eye Street Northwest, Suite 1150-290, Washington in District of Columbia County, District of Columbia and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in District of Columbia.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

10. Plaintiff is a professional videography company which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On August 27, 2023, Levy created and first published a video footage of Garcie Mansion, Surtis Silwa (*"Video 1"*). A copy of a screengrab of Video 1 is attached hereto as Exhibit 1.

15. In creating Video 1, Levy personally selected the subject matter, timing, lighting,



SLG SANDERS · LAW GROUP ·

angle, perspective, depth, lens, and camera equipment used to capture the video recording.

16. On September 24, 2023, Video 1 was registered by the USCO under Registration No. PA 2-437-764.

17. Levy created Video 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

18. On February 26, 2024, Levy created and first published a video footage of Eric Adams at the town hall meeting in New York City (*"Video 2"*). A copy of a screengrab of Video 2 is attached hereto as Exhibit 1.

19. In creating Video 2, Levy personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

20. On April 2, 2024, Video 2 was registered by the USCO under Registration No. PA 2-463-124.

21. Levy created Video 2 with the intention of it being used commercially and for the purpose of display and/or public distribution.

22. On February 26, 2024, Levy created and first published a video footage of Eric Adams discussing immigration laws (*"Video 3"*). A copy of a screengrab of Video 3 is attached hereto as Exhibit 1.

23. In creating Video 3, Levy personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording.

24. On April 9, 2024, Video 3 was registered by the USCO under Registration No. PA 2-464-430.

25. Levy created the Video 3 with the intention of it being used commercially and for the purpose of display and/or public distribution.

26. Plaintiff has acquired the rights in and to the Video/s 1, 2, and 3 (hereinafter referred to collectively as *"Videos"*) from Levy by way of written assignment.

SLG SANDERS LAW GROUP

**B. Defendant's Infringing Activity**

27. Defendant is the registered owner of the Website and is responsible for its content.

28. Defendant is the operator of the Website and is responsible for its content.

29. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

30. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

31. The Website is monetized in that it offers subscription services to the public and, upon information and belief, Defendant profits from these activities.

32. On or about August 28, 2023, Defendant displayed the Video 1 on the Website as part of an on-line story at URL: https://dailycaller.com/2023/08/28/nyc-migrants-curtis-sliwa-arrested-protests/ ("*Infringement 1*").

33. Further, Defendant displayed a still frame image from Video 1 on the Website as part of the same online story at URL: https://dailycaller.com/2023/08/28/nyc-migrants-curtis-sliwa-arrested-protests/ ("*Infringing Video Image 1*").

34. Defendant currently stores Infringing Video Image 1 at URL: https://images.dailycaller.com/image/width=960,height=411,fit=cover,f=auto/https://cdn01.dailycaller.com/wp-content/uploads/2023/08/viralnewsnyc-e1693227779173.jpg.

35. Copies of screengrabs of the Website including Infringement 1 as well as Infringing Video Image 1 are attached hereto collectively as Exhibit 2.

36. On or about February 27, 2024, Defendant displayed Video 2 on the Website as part of an on-line story at URL: https://dailycaller.com/2024/02/27/eric-adams-sanctuary-city-migrant-laws-new-york-city/ (*"Infringement 2"*).

37. A copy of screengrab of the Website including Infringement 2 is attached hereto collectively as Exhibit 2.

38. On or about February 27, 2024, Defendant displayed Video 3 on the Website as part of the same on-line story at URL https://dailycaller.com/2024/02/27/eric-adams-sanctuary-



SLG SANDERS · LAW GROUP ·

city-migrant-laws-new-york-city/ (*"Infringement 3"*).

39. A copy of screengrab of the Website including Infringement 3 is attached hereto collectively as Exhibit 2.

40. Without permission or authorization from Plaintiff, Defendant volitionally reproduced, copied, displayed and/or otherwise used Plaintiff's copyright protected Videos on the Website (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

41. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

42. The Infringements are exact copies of Plaintiff's original video recordings that were directly copied and displayed by Defendant on the Website.

43. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Videos as well as the Video Image.

44. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors, and editors as its agents, including but not limited Jennie Taer whereby Defendant's Website lists her as "Investigative Reporter" (hereinafter referred to as the "*Employees*").

45. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

46. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

47. Upon information and belief, the Videos as well as the Video Image were willfully and volitionally posted to the Website by Defendant.

SLG SANDERS LAW GROUP

48. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

49. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

50. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

51. Upon information and belief, Defendant monitors the content on its Website.

52. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

53. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

54. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos as well as the Video Image on the Website.

55. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

56. Defendant's use of the Videos harmed the actual market for the Videos.

57. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

58. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

59. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.



SLG SANDERS · LAW GROUP ·

60. The Videos are original, creative works in which Plaintiff owns valid copyrights.

61. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

62. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

63. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed Plaintiff's Videos thereby violating one of Plaintiff's exclusive rights in its copyrights.

64. Defendant has engaged in willful copyright infringement.

65. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using it on the Website.

SLG SANDERS · LAW GROUP ·

66. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

67. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

69. Plaintiff hereby demands a trial of this action by jury.

SLG SANDERS · LAW GROUP ·

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos as well as the Video Image by copying and displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 12, 2024

**SANDERS LAW GROUP**

By: *___/s/ Craig Sanders___________*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129048
*Attorneys for Plaintiff*